## DISTRICT OF COLUMBIA *v.* GREGORY.

---

GIFT ENTERPRISES; CRIMINAL LAW.

A trading stamp company which sells its stamps to merchants, whose names it prints in its directory of merchants, for $3.50 for 1,000,

which stamps the merchants deliver to their customers, who have the right to redeem them of the company in articles of merchandise only when presented in books containing 990 stamps, and also to redeem a single stamp for a pen, and ten or more for cash at the rate of $1 per 1,000, violates secs. 1176 and 1177, District of Columbia, Rev. Stat., making it a criminal offense to engage in the business of conducting a gift enterprise as defined in the act of the late legislative assembly of this District of August 23, 1871. Mr. Justice Van Orsdel dissenting. (Following *Lansburgh* v. *District of Columbia*, 11 App. D. C. 512, and *District of Columbia* v. *Kraft*, ante, 253.)

No. 2119. Submitted April 11, 1910. Decided May 10, 1910.

In ERROR to the Police Court of the District of Columbia.

*Judgment reversed.*

The facts are stated in the opinion.

Mr. *Edward H. Thomas*, Corporation Counsel, and Mr. *William Henry White*, Assistant, for the plaintiff in error.

Mr. *A. S. Worthington* and Mr. *John Hall Jones* for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This case is before us on a writ of error granted to review the judgment of the police court, quashing the information. The charge is that of engaging in a gift enterprise as defined in secs. 1176 and 1177. D. C. Rev. Stat.

The case was heard at the same time with that of *District of Columbia* v. *Kraft*, which has been first decided. [Ante, 253].

The defendant in error is the representative of the Sperry & Hutchinson Company, which is the same that was involved in the case of *Lansburgh* v. *District of Columbia*, 11 App. D. C. 512. The business carried on is substantially the same as there. The only differences are that the stamps are now sold

at $3.50 per thousand to contracting merchants. They are still redeemable in articles of merchandise only when presented in books containing 990 stamps.

A single stamp is redeemable with a single "Falcon pen." Ten or more are redeemable in cash at the rate of $1 per thousand. The Sperry & Hutchinson Company has not the so-called co-operative feature of the Economy Company, which is involved in *Kraft's Case*. Receivers of its stamps are not required to become members, and pay nothing to the company to be entitled to receive them. It will be noticed that the terms of redemption differ slightly from those of Kraft's concern.

The fundamental question involved in each case is the same. Having discussed it fully in *Kraft's Case,* it is unnecessary to do more than refer to the opinion in that case as decisive of this.

The judgment will be reversed with costs, and the cause remanded to the Police Court for further proceedings in conformity with the opinion in *Kraft's Case.*          *Reversed.*

Mr. Justice VAN ORSDEL, dissenting.

An application by the defendant in error to the Supreme Court of the United States for the allowance of the writ of certiorari, was denied by that court October 24, 1910.